## KEUFFEL v. LUFKIN RULE CO.

(Circuit Court, N. D. Ohio, E. D. May 25, 1896.)

No. 5,202.

PATENTS—VALIDITY AND INFRINGEMENT—TAPE-MEASURE CASES.

The Keuffel patent, No. 338,602, for an improvement in tape-measure cases, construed and limited, and the third claim *held* not infringed by cases made in accordance with the Buck patent, No. 498,104, giving to the latter the benefit of the presumption of a patentable difference which arises from the grant of a subsequent patent.

This was a suit in equity by William Keuffel against the Lufkin Rule Company for alleged infringement of a patent for an improvement in tape-measure cases.

W. P. Preble, Jr., for complainant.
Hall & Fay, for defendant.

RICKS, District Judge. This is a bill filed by the complainant to establish the validity of letters patent No. 338,602, issued to him on March 23, 1886, and to recover damages for an infringement of said letters patent by the defendant. The defendant denies the validity of the letters patent issued to the complainant, denies that he was the first inventor of the same, and alleges that, before said Keuffel invented said improvement, the same or substantially the material parts thereof had been patented by letters patent issued out of the patent office of the United States to five different inventors, and by English patent No. 11,962, of 1847, granted to James Chesterman, and English patent No. 5,382, of 1886, granted to William Chesterman. The defendant, further answering, claims that it is the owner of United States letters patent No. 498,104, dated

May 23, 1893, and granted on said day to F. Buck, and avers that the tape-measure cases, the sale of which is complained of in the bill of complaint, are made in accordance with said patent. It is stipulated as follows:

"It is stipulated and admitted by defendant's counsel that the defendant company made and sold tape measures like the above exhibit since the date of the patent in suit, and before the beginning of this suit, within the United States."

The complainant claims infringement only of the third claim of his patent. Said claim reads as follows:

"The crank handle, E, pivoted on the hinged plate, D, C, in combination therewith, and with the reel, B, case, A, and central tube, A$^2$, and arranged to allow the unlocking by pressure on the end of the handle presented at the back, all substantially as herein specified."

It is conceded by counsel for the complainant that all these elements are separately old. The invention lies in the arrangement of the parts so that pressure or gentle force presented at the back will unlock the folding crank. Complainant's counsel say:

"Some tape measures have cranks; others are operated by a spring. In some the crank is rigid; in others the crank folds. In some the folding crank is lifted from the front, such lifting sometimes being aided by a spring. In complainant's patent alone is the crank forced forward by the pressure of the finger or thumb at the back of the case."

This presents the whole contention between the parties. The leather case is old, and has been used in every patent of this character issued. The crank handle, E, is old. The hinged plate is old, and the central tube, A$^2$, is old. The complainant claims to have devised a construction and arrangement of the crank handle, E, so that, when in use, a greater leverage than usual is obtained, and that, when the crank is out of use, it is stored somewhat more compactly than the ordinary arrangement; that the end of said crank is more easily extended when required, and more reliably held in closed position when out of use; again, that the crank carries a hinged handle, which, on closing the device for storage or transportation, is received within the tubular center extending through it, being conveniently presented at the back face to receive the pressure of the finger or thumb to open the crank when it is desired to operate it. The tubular center is old. It is found in every tape-measure case that is referred to in the testimony. The greater leverage of the crank handle, E, does not seem to be well founded. The cranks in Chesterfield's English patent, and in United States patent to Minard, No. 28,101, seem to have as great a leverage as complainant's. The claim that the crank is more easily extended when required, and more reliably held in closed position when out of use, is well founded. Other devices show tubular centers where the crank handle is stored, but none of them where it is as conveniently and compactly done as in complainant's. The fact that the crank handle can be pressed out of the tubular center by pressure directly upon the crank handle is an advantage, and having the crank handle pivoted directly to the hinged plate is an advantage. So that I think that the complainant's claim of having

the crank "presented at the back face to receive the pressure of the finger or thumb to open the crank when it is desired to operate it" is a new combination, and limited to this specific construction. The new feature in complainant's structure, set forth in this third claim, "is the feature of so arranging the hinged crank and the pivoted or hinged crank handle in their relation to the stationary central tube that the crank and handle may be folded to cause the handle to pass through the central tube, and project at the back of the case sufficiently far to admit of the crank being again started from its folded position by pressure upon the projecting end of the crank handle." Limited to this respect, the third claim is valid.

Does the defendant infringe? The defendant's crank handle is not pivoted to the hinged plate. D, C; it is swiveled to it. Complainant's crank handle, E, could not be inserted into the center of the case to project at the opposite side if it were not pivoted so as to fold in its relation to the crank plate. It is therefore doubtful whether the crank handle, E, or its equivalent, is found in the defendant's exhibit. I might follow the defendant's expert, and consider his reasons why he does not find in the defendant's exhibit an equivalent for the hinged plate, D, C, or the central tube, A²; but I do not think this is necessary, in view of the fact that the patent under which the defendant makes these tape-measure cases was issued by the patent office seven years after the patent under which the complainant claims infringement. This raises the presumption of noninfringement. The patent office, it is safe to presume, had under consideration complainant's letters patent when the application for the letters patent now owned by the defendant was pending. Its experts and examiners undoubtedly compared the two, and held that there were features in the defendant's patent which distinguished it from the complainant's; and the grant of letters patent to the defendant was virtually a decision by the patent office that there was a substantial difference between the two inventions. This presumption has not been overcome by evidence showing infringement. I therefore conclude that there is no infringement of the limited specific construction of the third claim, as hereinbefore found. The bill will therefore be dismissed.